[No. A082244. First Dist., Div. Four. Apr. 27, 1999.]

CITY AND COUNTY OF SAN FRANCISCO, Plaintiff and Appellant, v. WILBERT L. FREEMAN, Defendant and Respondent.

**COUNSEL**

Daniel E. Lungren, Attorney General, Roderick E. Walston, Chief Assistant Attorney General, Carol Ann White and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Appellant.

Wilbert L. Freeman, in pro. per., for Defendant and Respondent.

OPINION

**POCHÉ, J.**—The People appeal from an order of child support calculated by granting to Wilbert L. Freeman two hardship deductions in contravention of the provisions of Family Code section 4071.5[1] which the trial court found to be unconstitutional. We reverse and remand.

The San Francisco District Attorney filed a motion in January of 1998 to modify Wilbert Freeman's 1992 child support order of $192 a month on grounds of a substantial increase in income and a change in circumstances since the date of that order. The order was for the support of a daughter, Patrice, born to Wilbert Freeman and Patricia Hunter in September 1981. Patrice and her mother receive public assistance benefits, formerly called AFDC (Aid to Families with Dependant Children). Freeman has since remarried and supports his nonworking wife and two young children, one of whom is an infant.[2] In calculating Freeman's support obligation the court granted him two hardship deductions for these two minor children in fixing the support order for Patrice at $367 a month.

At the hearing on the motion held January 6, 1998, the People unsuccessfully objected to inclusion of the two hardship deductions in the calculation on the basis that section 4071.5 expressly provides: "For purposes of computing the minimum level of child support under Section 4070, no hardship shall be deemed to exist and no deduction from income shall be granted if aid payments are being made . . . . on behalf of a child . . . . of the parent seeking the deduction, even if the payments are being received by the other parent." The court responded to the People's objection to granting the hardship deductions by asserting "this court has found that the statute is not constitutional" and declined to recalculate the award. The court did indicate that a case involving its earlier ruling on statutory unconstitutionality was then pending before the Court of Appeal.

*Discussion*

There is nothing more in the record before us to indicate the basis upon which this finding of unconstitutionality was made, except that the prior ruling was apparently that made by the same commissioner in a case filed before this one and recently decided by Division Three of this court. (*City and County of San Francisco* v. *Garnett* (1999) 70 Cal.App.4th 845 [82 Cal.Rptr.2d 924].) In *Garnett* the commissioner found section 4071.5 to be

[1]Unless otherwise indicated all further statutory references are to the Family Code.
[2]In his brief on appeal Freeman asserts that he is also supporting a four-year-old stepson who lives with him.

" 'constitutionally discriminatory' " and stated there " 'is no rational basis for requiring poorer people to pay more than richer people.' " (70 Cal.App.4th at p. 848.)

In *Garnett* Division Three found the statute passed constitutional muster under equal protection analysis. In *Garnett* the claim was advanced that the effect of the section was to increase the support obligation of the parent for a nonresident child to the potential financial detriment of a child in the custody of that parent. Yet, in similarly situated families not receiving public assistance, the hardship deduction would be available to reduce the support obligation to the nonresident child and thus to increase the disposable income available for the resident child. (*City and County of San Francisco* v. *Garnett, supra,* 70 Cal.App.4th at p. 849.)

*Garnett* rejected strict scrutiny: first, because it found that the statutory classification between children whose parents were not able to claim the hardship deduction and those who were, was not one based upon an immutable trait or a disfavored characteristic (*City and County of San Francisco* v. *Garnett, supra,* 70 Cal.App.4th at pp. 849-850) second, because even if the right of the resident child to be supported by the payer parent was fundamental, the burden on that right was indirect and uncertain. In short, the amount of money the payer parent devotes to support of a resident child is subject to a host of other laws, economic factors, and parental choices. (*Id.* at p. 850.)

Because the purpose of the statute is to "maximize the recoupment from parents of public funds spent for their children's basic needs" the Legislature could rationally refuse to allow "parents to reduce their support obligations to nonresident children, and their concomitant obligations to reimburse the county for its expenditures on the children's behalf, in those cases where the county has intervened to relieve the children's hardship by providing public aid." (*City and County of San Francisco* v. *Garnett, supra,* 70 Cal.App.4th at p. 851.) The court concluded that this purpose was served by the section, and held that the section withstood the equal protection challenge. (*Id.* at pp. 851-852.)

Finally, *Garnett* noted that the difference between the two classes of parents was not, as the trial court suggested between rich and poor, because wealthy parents are unlikely to qualify for the hardship deduction. "The statute effectively distinguishes between parents with moderate and low income who meet their child support obligations without assistance from the state and those who do not." (*City and County of San Francisco* v. *Garnett, supra,* 70 Cal.App.4th at p. 851.)

We have described *Garnett* in some detail because it involves a fact pattern virtually indistinguishable from our own—a parent from whom

additional support is sought for a child living outside his home who, absent section 4071.5, might qualify for a hardship deduction based upon his support of a child (or children as here) living in his home.

About two weeks after appellant's opening brief was filed a contrary holding was made by the Fourth District in *County of Orange* v. *Ivansco* (1998) 67 Cal.App.4th 328 [78 Cal.Rptr.2d 886]. That court held that section 4071.5 unconstitutionally denied equal protection to those *parents* supporting resident and nonresident children whose nonresident children received AFDC by depriving the trial court of discretion to consider the parent's costs of raising his children in his household. The court in *Ivansco* concluded that the distinction drawn by the section burdened a parent's fundamental right to support his resident child and that the section could not survive under strict scrutiny, or alternatively if viewed as economic legislation, could not withstand even rational basis scrutiny. (*Id.* at pp. 334-338.)

Subsequently, *Ivansco* has been criticized and rejected by the Fifth District in *Moreno* v. *Draper* (1999) 70 Cal.App.4th 886 [83 Cal.Rptr.2d 82]. That opinion noted the United States Supreme Court has found that close relatives are not a suspect class triggering strict scrutiny. (*Lyng* v. *Castillo* (1986) 477 U.S. 635, 638 [106 S.Ct. 2727, 2729, 91 L.Ed.2d 527].) Accordingly, whether the "class" is defined as the *parent* against whom child support is ordered or the *child* residing with the parent against whom support is ordered, the appropriate test is that of rational basis. (*Moreno* v. *Draper*, *supra*, 70 Cal.App.4th at p. 894.)

While *Moreno* accepted the principle underlying *Ivansco*—that the right to raise one's children in one's home is a fundamental right—the *Moreno* court rejected the view that that right is infringed by section 4071.5. The United States Supreme Court has held that "a legislature's decision not to subsidize the exercise of a fundamental right does not infringe the right" and therefore is not subjected to strict scrutiny. (*Regan* v. *Taxation With Representation of Wash.* (1983) 461 U.S. 540, 549 [103 S.Ct. 1997, 2003, 76 L.Ed.2d 129].) Reasoning that a parent who chooses to bring into the world additional children must do so knowing that his or her support obligation to existing children is a continuing one subject to upward modification, the *Moreno* court concluded that the Legislature could decide in effect not to subsidize the parent's right to raise those additional children by granting a hardship deduction based upon their presence in the parent's home. (*Moreno* v. *Draper*, *supra*, 70 Cal.App.4th at p. 896.) Finally, the *Moreno* court concluded that the section passed rational basis scrutiny as related to a legitimate state interest, which it characterized as the allocation of the limited funds available for public assistance to families who qualify for AFDC.

We find the reasoning of *Garnett* and *Moreno* holding the section not violative of equal protection to be more persuasive than that of *Ivansco*. We adopt the analysis of *Garnett*, given that the commissioner in this case was the same one who issued the order appealed from in *Garnett* and that she based her ruling in the case before us upon the rationale advanced in *Garnett*. Moreover, as we have noted the facts in *Garnett* are legally indistinguishable from those before us.

### Disposition

The child support order is reversed and remanded to the trial court for recomputation in accordance with the mandate of section 4071.5. In the interests of justice each party shall bear its own costs on appeal.

Hanlon, P. J., and Reardon, J., concurred.